UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SAID GSSIME,
                              Plaintiff,

- vs -                                    9:06-CV-1499
                                                        (DNH)(GJD)
MR. CADIAN, D.S.S.; C.O. PIZZOTTO; and
B. NIXON, Inmate,
                              Defendants.

---

APPEARANCES:

SAID R. GSSIME
98-A-5384
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902
Plaintiff, *pro se*

DAVID N. HURD
U. S. District Court Judge

## **DECISION and ORDER**

Presently before the Court is a civil rights complaint and application to proceed *in forma pauperis* brought by plaintiff Said Gssime, who is presently incarcerated at Elmira Correctional Facility. Dkt. Nos. 1, 2.

In his complaint, plaintiff alleges that defendant Pizzotto ignored his request for medical assistance. Dkt. No. 1 at 4. Plaintiff further alleges that defendant Cadian failed to protect him from an assault by another inmate. *Id.* at 5. As to defendant B. Nixon, identified as an inmate at Mid-State Correctional Facility, plaintiff appears to claim that he was kidnaped by B. Nixon. *Id.* at 5. For a complete statement of plaintiff's claims, reference is made to the complaint.

After reviewing the entire file herein, the Court finds that plaintiff's *in forma pauperis* application may be granted.

Plaintiff has alleged civil rights violations by an inmate, defendant Nixon. Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *German v. Fed. Home Loan Mortg. Corp.*, 885 F.Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (§ 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights.") (citation omitted).

However, parties may not be held liable under this section unless it can be established that they have acted under the color of state law. *See, e.g., Rounseville v. Zahl*, 13 F.3d 625, 628 (2d Cir. 1994) (noting state action requirement under § 1983); *Wise v. Battistoni*, No. 92-CV-4288, 1992 WL 380914 (S.D.N.Y., Dec. 10, 1992) (same) (citations omitted). State action is an essential element of any § 1983 claim. *See Gentile v. Republic Tobacco Co.*, No. 95-CV-1500, 1995 WL 743719, *2 (N.D.N.Y. Dec. 6, 1995) (Pooler, J.) (citing *Velaire v. City of Schenectady,* 862 F.Supp. 774, 776 (N.D.N.Y. 1994)) (McAvoy, C.J.) (citation omitted)).

Upon review, the Court finds that the complaint, as drafted, does not set forth any allegations which would support a finding that Nixon acted under color of state law. Accordingly, the complaint fails to state a claim as against this individual, and he is hereby dismissed as a defendant.

THEREFORE, it is

ORDERED, that

1. B. Nixon is dismissed as a defendant in this action;

2. The plaintiff's *in forma pauperis* application is GRANTED.[1]  The Clerk shall issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service upon the remaining defendants, together with a copy of this Order. The Clerk shall forward copies of the summonses and complaint by mail to the Office of the New York State Attorney General, together with a copy of this Order;

3. The Clerk shall provide the Superintendent of the facility designated by the plaintiff as his current location with a copy of the plaintiff's authorization form, and notify the official that this action has been filed and that he is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915;

4. The Clerk shall provide a copy of the plaintiff's authorization form to the Financial Deputy of the Clerk's Office;

5. A formal response to plaintiff's complaint shall be filed by the defendants or their counsel as provided for in the Federal Rules of Civil Procedure subsequent to service of process on the defendants,

6. All pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton

---

[1] The Plaintiff should note that although his application to proceed *in forma pauperis* has been granted, he will still be required to pay fees that he may incur in this action, including but not limited to copying and/or witness fees.

St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the court or the Clerk must be accompanied by a certificate showing that a true and correct copy of it was mailed to all opposing parties or their counsel.  Any document received by the Clerk or the court which does not include a proper certificate of service will be returned, without processing.**  Plaintiff must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned Magistrate Judge with proper allowance for notice as required by the Rules.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; failure to do so will result in the dismissal of this action.**  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the court; and

7.  The Clerk shall serve a copy of this Order on the plaintiff.

IT IS SO ORDERED.

_____
United States District Judge

Dated: January 4, 2007
       Utica, New York.